WADSWORTH v. EQUITABLE TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   December 13, 1912.)

CORPORATIONS (§ 650*)—FOREIGN CORPORATIONS—KEEPING STOCKBOOK—STAT-
UTE—"MAINTENANCE OF AN OFFICE FOR THE TRANSACTION OF BUSINESS."

Under Stock Corporation Law (Consol. Laws 1909, c. 59) § 33, which
provides that every foreign stock corporation, having an office for the
transaction of business in the state, shall keep therein a stockbook, con-
taining the names of stockholders, the number of shares held by them,
and the amounts paid thereon, which shall be open for the inspection of
stockholders, judgment creditors, and certain authorized state officers,
and that, if any such foreign stock corporation has a transfer agent,
such stockbook may be deposited with such agent, to be open to the same
inspection, subject to a penalty on refusal, imposes such duty only upon
stock corporations having an office for the transaction of business in this
state; and the mere fact that a foreign corporation, which does not
own, rent, or occupy an office of its own within the state, has a transfer
agent for the convenience of stockholders, does not constitute "the main-
tenance of an office for the transaction of business," and hence the trans-
fer agent is not subject to a penalty upon refusal to allow inspection of
the stockbook.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2517, 2573;
Dec. Dig. § 650.*]

Submission of controversy between Walter Wadsworth and the
Equitable Trust Company of New York upon an agreed statement of
facts, under sections 1279–1281 of the Code of Civil Procedure.
Judgment for defendant.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, MILLER, and DOWLING, JJ.

Walter E. Godfrey, of New York City, for plaintiff.
A. L. Humes, of New York City, for defendant.

DOWLING, J.   The Pacific Gas & Electric Company is a foreign
stock corporation, organized under the laws of the state of California.
The defendant is its transfer agent, located in the city of New York.
Plaintiff seeks payment in the sum of $250, the penalty for a refusal
by defendant to permit plaintiff to make extracts from the stockbook
of the Pacific Company.

The question involved in the controversy submitted for determina-
tion is the interpretation to be placed upon section 33 of the Stock
Corporation Law (Consol. Laws 1909, c. 59), in so far as it applies
to foreign stock corporations having a transfer agent within the state
of New York, but not maintaining any office therein for the transac-
tion of business.   The section reads as follows:

"Every foreign stock corporation having an office for the transaction of
business in this state, except moneyed and railroad corporations, shall keep
therein a book, to be known as a stockbook, containing the names, alphabet-
ically arranged, of all persons who are stockholders of the corporation, show-
ing their places of residence, the number of shares of stock held by them
respectively, the time when they respectively became the owners thereof,

and the amount paid thereon. Such stockbook should be open daily during business hours, for the inspection of its stockholders, and judgment creditors, and any officer of the state authorized by law to investigate the affairs of any such corporation. If any such foreign stock corporation has in this state a transfer agent. whether such agent shall be a corporation or a natural person, such stockbook may be deposited in the office of such agent, and shall be open to inspection at all times during the usual hours of transacting business, to any stockholder, judgment creditor or officer of the state authorized by law to investigate the affairs of such corporation. For any refusal to allow such book to be inspected such corporation and the officer or agent so refusing shall each forfeit the sum of two hundred and fifty dollars to be recovered by the person to whom such refusal was made."

The first point to be settled is: Upon what corporation is the duty thus imposed of keeping a stockbook which shall be open for the inspection of the persons designated? Clearly, upon every foreign stock corporation having an office for the transaction of business in this state, except moneyed and railroad corporations. The first sentence of the section clearly limits the duty to such limited class only. The third sentence simply confers upon corporations within that class, which maintain transfer agents within the state, an option of depositing the required stockbook in the office of the agent, where it may be inspected, instead of keeping it in the corporation office for the transaction of business. It does not increase the measure of the duty, nor extend the limits of the class upon which that duty rests. Otherwise, the sentence would have begun, "If *any* foreign stock corporation," instead of its present phrasing, "If any such foreign stock corporation;" the word "such" referring obviously and necessarily (as it does also in the second sentence) to the class defined in the first sentence, viz., foreign stock corporations having an office for the transaction of business in this state, except moneyed and railroad corporations.

Plaintiff claims, however, that the existence of a transfer agent within the state constitutes the maintenance of an office for the transaction of business therein. I do not believe this contention is correct. The statute itself recognizes the distinction between an office for the transaction of corporate business and the office of a transfer agent. If the former includes the latter, the third sentence of the section is surplusage. Upon the agreed state of facts it appears that the Pacific Gas & Electric Company has never owned, rented, occupied, or had an office of its own within the state, nor any office for the transaction of business therein, nor had it transacted any business therein. The defendant, as its transfer agent, keeps certain books in this city, which are used for the purpose of entering transfers of stock, duplicate sheets of which are sent to the transfer office of the Pacific corporation in the state of California. It is apparent, therefore, that no portion of the business for the transaction of which the foreign corporation was organized is carried on within this state. The maintenance by it of a transfer office here was for the convenience of stockholders and facilitated the sale of its stock; but it did not constitute "doing business" within the meaning of the statute. In the absence of any legislative mandate *requiring* foreign corporations maintaining transfer agents within the state to keep with them stockbooks, open for

inspection to the classes of persons designated, no liability attaches to a refusal to permit such inspection.

Judgment is therefore directed in favor of defendant, with costs. All concur.